# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PETER KJAER, et al.,

    Plaintiffs,

v.

HGN, INC., et al.,

    Defendants.

Case No. 2:06-CV-00103-KJD-PAL

**ORDER**

    Currently before the Court is Plaintiffs Profit Networks and Silver Arrow Limited's (referred to jointly as "SAL") Motion to Strike the Declaration of Bruce Gates (#129). Defendant Home Gambling Network ("HGN") filed a Response in Opposition (#131), to which Plaintiffs filed a Reply (#134). Additionally before the Court is HGN's Motion for Leave to File a Reply (#133) to SAL's Responsive Claim Construction Brief. SAL filed a Response in Opposition (#135), to which HGN filed a Reply (#136).

    Plaintiffs seek that the Court strike the Declaration of Bruce Gates In Support of HGN's Claim Construction Brief. Plaintiffs seek to strike the Declaration pursuant to Fed. R. Civ. P. 37(c)(1), averring that the Declaration sets forth Gates' ("Gates") opinions concerning claim construction for terms included in the '268 patent, and opinions regarding infringement, yet Defendants failed to timely disclose or identify Gates as an expert. Specifically, Plaintiffs aver that the deadline for disclosing expert witnesses was June 21, 2007, and that the Declaration was filed May 22, 2009. Additionally, because discovery was completed by August 20, 2007, Plaintiffs aver that they have been "deprived of the opportunity to examine Mr. Gates on his opinions and qualifications." (#129 p. 1.) Plaintiffs additionally argue that the Declaration is inadmissable pursuant to Fed. R. Evid. 401, 702, 703, 801 and/or 802 for various reasons. Plaintiffs aver *inter alia*

that Gates is not qualified as an expert in the field of online gaming or patent law, and therefore cannot testify regarding claim construction, the doctrine of equivalents, or infringement.  Plaintiffs also aver that Gates has no factual basis or personal knowledge for his opinions concerning claim construction and equivalents because he has not considered the file history of the 268' patent or statements made by HGN during foreign prosecutions.  (#129 p. 2.)

Defendants, in response, aver that Gates was disclosed as an expert witness and fact witness, and that Plaintiffs avoided deposing any HGN witnesses on the subjects of patent claim construction and patent infringement.  Defendants aver that Gates was disclosed as an expert witness in July 2005, when Plaintiffs were served with a copy of Gates' affidavit dated July 26, 2005, stating that Gates was retained as an expert witness by Mel Molnick.  Defendants also aver that Gates was identified as an expert again in November 2006, when Plaintiffs were served with a copy of Gates' Declaration stating that he had been retained as an expert witness in the matter.  Plaintiffs additionally aver that Gates was disclosed as a fact witness in various disclosure statements served upon Plaintiffs.

Defendants aver that the affidavits and disclosure statements are sufficient to establish that Plaintiffs had reasonable notice and opportunity to prepare for effective cross-examination of Gates, and that the documents establish that Gates has sufficient percipient knowledge of the facts of this case in order to qualify as a fact witness.  The Court does not agree.

**I. Legal Standard**

Fed. R. Civ. P. 26 requires parties to disclose the identity of any person who may be used as an expert witness. Fed. R. Civ. P.  26(a)(2)(B). Rule 26 provides that, "[t]hese disclosures shall be made at the times and in the sequence directed by the court." Fed. R. Civ. P.  26(a)(2)(c). LR 26-1(e)(3) provides:

> Unless the discovery plan otherwise provides and the court so orders, the time deadlines specified in Federal Rule of Civil Procedure 26(a)(2)(C) for disclosure concerning experts are modified to require that the disclosures be made sixty (60) days before the discovery cut-off date and that disclosures respecting rebuttal experts be made thirty (30) days after the initial disclosure of experts.

Id.

Fed. R. Civ. P. 37 authorizes sanctions for a party's failure to make disclosures or cooperate in discovery. Rule 37(c)(1) provides, in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Id. Rule 37(a)(3) explicitly provides that an evasive or incomplete disclosure, answer, or response to a discovery obligation "is to be treated as a failure to disclose, answer, or respond." Id. A literal reading of Rule 37(a)(3) and (c)(1) compels the conclusion that an expert's trial testimony should be automatically excluded if a party fails to strictly comply with the requirements of Rule 26(a)(2)(B) unless the court finds that there was a substantial justification for the failure to make complete disclosure, or that the failure to disclose is harmless. Elgas v. Colorado Belle Corp., 179 F.R.D. 296 (D.Nev. 1998) (citing Sullivan v. Glock, Inc., 175 F.R.D. 497, 503 (D.Md. 1997)). In the Ninth Circuit, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation." Continental Lab., 195 F.R.D. at 677 (quoting Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir. 1985)). If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, "the degree and severity of which are within the discretion of the trial judge." Keener v. United States, 181 F.R.D. 639, 641 (D.Mont. 1998).

The Ninth Circuit reviews a district court's decision to sanction for a violation of the discovery rules for abuse of discretion and gives "particularly wide latitude to a district court's discretion to issue sanctions under Rule 37(c)(1)." Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir.2001). "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." Id. at 1107. The burden is on the party facing discovery sanctions for belated disclosure to show that its failure to comply with Rule 26(e) is substantially justified or harmless. Torres v. City of Los Angeles, 548 F.3d 1197, 1213 (9th Cir. 2008). Exclusion of an expert's testimony for failure to comply with the requirements of Rule 26(a) is a sanction

available to the trial court within its wide discretion under Rule 37(c)(1) even in the absence of a showing of bad faith or willfulness. Id. at 1106. Rule 37(c)(1) is a "self executing, automatic sanction to provide a strong inducement for disclosure of material." Yeti, 259 F.3d at 1106 ( citing Fed. R. Civ. P. 37 Advisory Committee Note (1993)); Hoffman v. Construction Protective Services, Inc., 541 F.3d 1175, 1180 (9th Cir.2008) (rejecting the notion the district court is required to make a finding of willfulness or bad faith before excluding evidence not disclosed but mandated by Rule 26(a)).

The district court also has discretion to exclude expert witnesses who have not been timely disclosed in compliance with the court's scheduling order. Wong v. Regents of the University of California, 410 F.3d 1052, 1062 (9th Cir. 2005). As the Ninth Circuit has recognized, courts enter scheduling orders "to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." Id. Therefore, when a party fails to identify expert witnesses, and provide the disclosures required by Rule 26(a)(2) in accordance with the court's scheduling order, "[d]isruption to the schedule of the court and other parties in that manner is not harmless." Id. The Ninth Circuit has affirmed exclusion of expert testimony when the expert was disclosed twenty days late and the expert reports were six weeks late. See Quevedo v. Trans-Pacific Shipping, Inc., 143 F.3d 1255 (9th Cir. 1998).

**II. Discussion**

HGN proffers two arguments in attempt to defeat SAL's Motion to Strike. First, it avers that Gates was identified as a witness four years ago, and that SAL had notice of his retention and could have sought discovery from him in regard to patent claim construction. Second, HGN avers that Gates' testimony is proffered as Federal Rule of Evidence 702 testimony, and as such, need not qualify as expert testimony that must be disclosed under Rule 26.

**A. Expert Testimony**

Here, Gates was not identified as an expert witness until May 22, 2009, almost two years after the deadline for disclosing expert reports. Additionally, the last date to complete discovery was

1  August 20, 2007.  Though HGN avers that it disclosed Bruce Gates as an expert as early as four years
2  ago—in an affidavit of July of 2005, and in a Declaration served in November 2006—said
3  documents refer to Mr. Gates' retention as an expert in regard to Nevada gaming regulations, and not
4  to the issue of trademark or claim construction.  Specifically, Gates' Affidavit of July 26, 2005 states
5  that he was contacted by HGN "regarding their need of an expert witness who was knowledgeable of
6  the State of Nevada's Gaming Regulations and who could testify regarding the placement of bets
7  from the State of Nevada on internet gaming sites owned by gaming operators located outside the
8  State of Nevada."  (Resp. Ex. 1 ¶¶ 5–8.)
9        On July 24, 2006, the Court dismissed count three of the Complaint (averring that SAL
10 wrongfully used the License Agreement by accepting wagers from individuals within the state of
11 Nevada without first having obtained a Nevada gaming license) upon finding that as a private party,
12 HGN could not enforce violations of criminal statutes.  (See #33 at 11–12.)  Therefore, the claim for
13 which Gates was retained as an expert witness was dismissed.
14       Additionally, HGN avers that Gates was disclosed in its Sixth Supplemental Disclosure
15 Statement.  (Resp. At 3.)  In the Supplemental Disclosure Statement however, HGN states that Gates
16 will "testify as to the facts contained in his Affiavit dated July 26, 2005" including "pertinent gaming
17 statutes" and "account registration procedures."  (Id. Ex. 4A p. 3.)
18       Additionally, SAL points out that when SAL attempted to depose HGN on issues of claim
19 construction and infringement through a Rule 30(b)(6) deposition, HGN provided Mel Molnick, yet
20 advised him not to answer questions concerning claim construction or infringement.  Instead, HGN's
21 attorney stated that "questions pertaining to the scope of the patent, its interpretation or its
22 application, . . . the infringement, as well as the nature of the contributory infringement would all be
23 addressed by Mr. Kalusner."  (Resp. Ex. 2 at 474:16–475:15.)  Accordingly, SAL had no reason to
24 anticipate that Mr. Gates would testify on issues of claim construction, as HGN's counsel had
25 represented that issues of claim construction and infringement would be addressed by Mr. Klausner.
26

Perhaps most important to the Rule 26 analysis here however, is that HGN never provided SAL with an expert report for Gates.  Additionally, HGN avers that it could not have anticipated that SAL would take the position it did during patent claim construction proceedings regarding the ordinary and customary meanings of the words "game" or the phrase "the player over the first information line interacting with the casino" thus substantially justifying HGN's reason for not disclosing testimony at an earlier date.  The Court however, is not convinced by this argument.  As SAL points out, previous litigation between these parties has included disputes regarding the meaning of these exact, and/or similar terms.  (Reply at 6; Ex. A Fitzsimmons Decl.)

Here, HGN has failed to demonstrate that its two-year delay in designating Mr. Gates as an expert in regards to the issue of claim construction is justified or harmless.  Accordingly, the Court finds that HGN's failure to file an expert report, or to properly and timely designate Gates as an expert witness merits the sanction of granting SAL's Motion and striking Gates' Declaration.

**B. Rule 701**

HGN also avers that Mr. Gates' Declaration should be allowed pursuant to Fed. R. Evid. 701, as opinion testimony "not based upon scientific or technical knowledge" but based on Gates' understanding concerning the meaning of certain terms as someone experienced in the gaming industry.  (Resp. at 10.)  Additionally, HGN avers that Gates' testimony concerning the ordinary and customary meaning of relevant words will be helpful in the determination of a fact in issue, and qualifies as "lay witness testimony."  (Id.)

Rule 701 allows a witness who is not testifying as an expert to offer opinions or inferences which are (1) rationally based upon the perception of the witness, (2) helpful to the determination of a fact in issue, and (3) not based upon scientific or technical knowledge within the scope of Rule 702.  Here, the Court remains unconvinced that HGN may escape the disclosure requirements of Fed. R. Civ. P. 26(a)(2) by arguing that Gates' testimony is that of a lay witness and is "not based upon scientific or technical knowledge" (Resp. at 8.)   Rule 701 was amended by Congress in 2000 to

prevent the occasion that a party may attempt to submit expert testimony through a lay witness. Specifically, Advisory Committee Notes to the Amended Rule state:

> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See generally Asplundh Mfg. Div. v. Benton Harbor Eng'g, 57 F.3d 1190 (3d Cir. 1995). By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 and Fed. R. Crim. P. 16 by simply calling an expert witness in the guise of a layperson.

Fed. R. Evd. 701 Advisory Committee Notes (2000).

Here, HGN has failed to demonstrate that Gates can offer any testimony regarding the issues of infringement and claim construction that would assist the Court in understanding the evidence or in determining any facts in issue. Moreover, the Court finds HGN's argument on one hand that Gates' qualifies as an expert and was properly identified as such, and that his testimony will be that of a lay witness on the other, is somewhat disingenuous, and evidences a back door attempt to admit testimony of an expert nature under the guise of lay opinion. See Hilgrave Corp. McAfee Associate, Inc., 70 F.Supp.2d at 738, 754(E.D. Mich 1999). Accordingly, the Court is not convinced by HGN's argument that Gates' Declaration should be allowed under Fed. R. Evid. 702.

### C. Motion to File Responsive Pleading

As stated above, HGN also seeks the Court's leave, to file a Reply to SAL's Responsive Claim Construction Brief. SAL, in opposition, avers that HGN has already had ample opportunity to respond to the claim construction issues presented by SAL, and that the allowance of additional briefing is contrary to the Federal Rules of Civil Procedure .

Fed. R. Civ. P. 1 provides that the Federal Rules are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." In line with this purpose, upon reviewing HGN's Motion, Response and Reply, good cause appearing, the Court finds that the additional briefing may assist in the ensuing claim construction issue. Accordingly,

HGN's Motion for Leave to File a Reply to SAL's Responsive Claim Construction Brief is granted. Additionally, to the degree that HGN's Reply raises additional issues, the Court grants SAL the opportunity to file a timely response.

**III. Conclsion**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs Profit Networks and Silver Arrow Limited's Motion to Strike the Declaration of Bruce Gates (#129) is **GRANTED**.

**IT IS FURTHER ORDERED** that HGN's Motion for Leave to File a Reply (#133) is **GRANTED**.

**DATED** this 19th day of March 2010.

_____
Kent J. Dawson
United States District Judge